# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUANITA ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-05-276 VLM |
| | ) | |
| BRUCE G. LAIRD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: August 4, 2017
Decided: August 10, 2017

## ORDER

**AND NOW TO WIT**, this 10th day of August, 2017, upon consideration of Plaintiff Juanita Roberson's Motion for Costs, Defendant Bruce G. Laird's Response to Plaintiff's Motion for Costs, and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Costs is **GRANTED, in part**, and **DENIED, in part**, for the following reasons:

### *Factual and Procedural Background*

1.      On July 24, 2017, after a one-day trial, a Superior Court jury returned a verdict in favor of Plaintiff Juanita Roberson in the amount of $60,000.00. The lawsuit alleged that Defendant Bruce Laird was negligent in operating his motor vehicle, causing Plaintiff, a passenger in her husband's vehicle, to suffer personal

injuries when Defendant's vehicle abruptly struck the left side of Plaintiff's vehicle. Her husband and co-Plaintiff, Colie Roberson, settled his claim shortly before trial.

2. On July 31, 2017, Plaintiff filed the pending Motion for Costs. Plaintiff moves to recover the following costs: (1) $3,000.00 for expert testimony of Conrad King, M.D.; (2) $3,500.00 for expert testimony of Mark Eskander, M.D.; (3) $455.80 for Dr. King's deposition transcript; and (4) $501.80 for Dr. Eskander's deposition transcript. The total amount sought in the Motion equals $7,457.60.

3. On August 4, 2017, Defendant filed his Response to Plaintiff's Motion. In his response, Defendant concedes Plaintiff's entitlement to both deposition transcript fees; however, Defendant argues that the costs sought for both experts' testimony are excessive. Defendant contends that Dr. King's fee should be reduced to $375.00 and that Dr. Eskander's fee be reduced to $563.00.

### *Contentions of the Parties*

4. Plaintiff's Motion sets forth the above dollar values and summarily argues that Plaintiff is entitled to the above costs under Delaware Superior Court Civil Rule 54(d) & (h) and 10 *Del. C.* § 8906. Plaintiff attaches to her Motion invoices from both doctors corroborating the requested costs.

5. Defendant contends that both expert fees should be reduced to $375.00 and $563.00, respectively. Defendant's arithmetic derives from the reasoning of the

2

Superior Court in *Smith v. Paul J. Renzi Masonry*.[1] Following the *Smith* Court's reasoning, Defendant argues, yields the above dollar values that Defendant maintains are reasonable.

### *Standard of Review*

6. Rule 54(d) states that "costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs."[2] The prevailing party is entitled to recover costs for expert witnesses "testifying on deposition" under Rule 54(h) and 10 *Del. C.* § 8906, provided that the deposition testimony is introduced into evidence at trial.[3] Section 8906 assigns the duty to fix costs for expert witnesses to the Court in its discretion.[4]

### *Discussion*

7. Defendant's position is that the Court's reasoning in *Smith* yields a reasonable result in this case. In *Smith*, the plaintiff was awarded a jury verdict in excess of $700,000.00 after a one-and-a-half-week trial. In the ensuing motion for costs, the plaintiff sought costs totaling $25,786.79, including costs for two expert

---

[1] 2016 WL 1591030 (Del. Super. Mar. 24, 2016).

[2] DEL. SUPER. CT. CIV. R. 54(d).

[3] 10 *Del. C.* § 8906 (2013 & Supp. 2016); Rule 54(h).

[4] § 8906. *See also Smith*, 2016 WL 1591030, at *1.

3

medical witnesses whose video trial depositions were admitted at trial. The fee for both experts for roughly two hours of video deposition testimony was $6,000.00 and $2,500.00, respectively. Looking to the Medical Society of Delaware's Medico-Legal Affairs Committee guidelines from 1995, the Court extrapolated the 1995 customary fees for expert medical testimony using the most recent U.S. Bureau of Labor Statistics' medical care consumer price index. The Court determined that a reasonable fee for the two experts was $1,725.00 and $975.00, respectively.

8.    While the reasoning in *Smith* is sound, the Court is not bound to follow that Court's particularly methodology. Under § 8906, the Court has discretion to fix the costs taxable to the non-prevailing party. "There is no fixed formula for evaluating medical expert witness fees."[5] The Court finds that the facts of *Smith* differ from the present case in scope and, therefore, *Smith* is distinguishable on the facts of that case. As such, the particular methodology chosen in *Smith* is instructive, but ultimately proves an inapt approach to the nature of the present case.

9.    Notably, in this case, both medical experts testified in anticipation of trial as to both Plaintiff Juanita Roberson's claim as well as her husband's claim. However, the deposition testimony for Colie Roberson was not introduced into evidence—a prerequisite to the shifting of costs under Rule 54(h)—because his

---

[5] *Smith*, 2016 WL 1591030, at *2 (citing *Foley v. Elkton Plaza Assoc., LLC*, 2007 WL 959521, at *2 (Del. Super. Mar. 30, 2007)).

4

claim was settled on the morning of trial. As such, the Court finds that the appropriate fees for the two experts' testimony in this case is half of their respective fees; i.e., $1,500.00 and $1,750.00, respectively.

10. Dr. King's deposition was read into the record at trial. His deposition lasted 63 minutes. Forty-one pages of the 76-page deposition transcript concern Plaintiff Juanita Roberson's claim, while the remaining 35 pages address her husband's later-settled claim. Dr. King assessed a $3,000 flat fee for his deposition testimony. This fee is not itemized.

11. Dr. Eskander's video deposition was played at trial. His deposition lasted 45 minutes. Approximately half of the deposition concerns Plaintiff Juanita Roberson's claim, while the other half concerns her husband's claim. Dr. Eskander assessed a $3,000 per hour (minimum one hour) fee for his testimony. An additional $500 fee was assessed because the deposition was conducted by video. The fee is similarly not itemized.

12. The approach taken in *Smith* is one of myriad ways to address the taxing of costs to the non-prevailing party. Perhaps the oldest among these varied methodologies is the story of the Judgment of Solomon. This parable is frequently invoked to evince the prudent exercise of logic to reach a reasonable conclusion. The expression, "splitting the baby," derives from this antediluvian allegory. Its

principle teaching endures because it straddles two polarities and forces the poles together in what is hopefully a sage compromise.

13.    Before such a comprise is attained, however, the Court pauses to highlight, from a procedural perspective, that the prevailing party is entitled to recover costs for expert witnesses under Rule 54(h) only *"if the deposition is introduced into evidence."*[6] Here, Plaintiff seeks to essentially recover fees for her husband's settled claim. But, because his claim was settled, the deposition testimony attributable to his claim was not admitted into evidence at trial. Thus, this Court finds that ordering the recovery of costs associated with her husband's settled claim goes against the clear language of both Rule 54(h) and § 8906.

14.    Since it was only Plaintiff Juanita Roberson's claim that went forward to trial, recovery for the costs of her expert witnesses is appropriate. Rather than delving into the customary fees of medical experts, an area in which the Court is ill-equipped to elucidate, the Court will follow Solomonic reason and halve the respective fees on the basis that approximately half of each experts' testimony concerned Plaintiff's husband's claim. Thus, the costs taxable to Defendant under Rule 54(h) and § 8906 for Dr. King's deposition testimony is $1,500.00. Further, the costs attributable to Defendant for Dr. Eskander's video deposition testimony is $1,750.00.

---

[6] Rule 54(h) (emphasis added).

## Conclusion

15.   For the foregoing reasons, the Court, in its discretion under Rule 54(h) and 10 *Del. C.* § 8906, finds the following fees taxable to Defendant:

  i.   $1,500.00 for Conrad King, M.D.'s deposition testimony;

  ii.   $1,750.00 for Mark Eskander, M.D.'s deposition testimony;

  iii.   $455.80 for Dr. King's deposition transcript;

  iv.   $501.80 for Dr. Eskander's deposition transcript.

16.   The total cost taxable to Defendant is $4,207.60. Therefore, Plaintiff's Motion for Costs is **GRANTED, in part**, and **DENIED, in part**.

**IT IS SO ORDERED.**

Judge Vivian L. Medinilla

oc:   Prothonotary
cc:   All Counsel of Record (via e-filing)

7